UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SEVEN ARTS PICTURES, INC., ET AL.                          CIVIL ACTION

VERSUS                                                     No. 09-4814 c/w 09-4815

JONESFILM                                                  SECTION  "H" (3)

REPORT AND RECOMMENDATION

On July 27, 2011, the Motion for Contempt for Disobedience of Court Orders and to Compel Answers to Garnishment Interrogatories [Doc. #33][1] came on for oral hearing before the undersigned.  Present were Joshua Palmintier on behalf of plaintiffs and their affiliates, David Waguespack on behalf of defendant Jonesfilm ("Jonesfilm") and M. Claire Durio and Guy Smith on behalf of garnishee Leeway Properties, Inc. ("Leeway").  After the oral hearing, the Court took the motion under advisement.

While the motion was under advisement, Jonesfilm filed a Motion for Order Requiring Immediate Delivery by Garnishee Leeway Properties, Inc. and Judgment Debtor Peter Hoffman of Funds and Other Relief [Doc. #82][2] and the Motion of Judgment Creditor Jonesfilm to Compel

---

[1]      The District Court referred the motion to this Court on June 20, 2011.  [Doc. #61].

[2]      The District Court referred the motion to this Court on October 4, 2011.  [Doc. #107].

Production of Subpoenaed Documents from Garnishee Leeway Properties, Inc. [Doc. #92].[3]  The Court set the two motions for oral hearing on September 22, 2011.  After the oral hearing, the Court also took these two motions under advisement. Having reviewed the motions, the oppositions, the case law and the parties' oral arguments, the Court rules as follows.

## I.    Background

On March 15, 2005, Jonesfilm received from the Superior Court for Los Angeles County an order and judgment confirming an arbitration award.  The order found Peter Hoffman to be an alter ego of NTTS Productions Ltd. and liable for a $290,911 judgment (plus interest).[4]  That judgment was made executory by a March 14, 2006 order of the Civil District Court for the Parish of Orleans.

Jonesfilm also obtained a June 19, 2007 order that confirmed a monetary judgment of $537,097.53 plus interest against several companies controlled by and affiliates of Hoffman. Jonesfilm also filed that judgment from the Central District of California in this Court.  Jonesfilm contends that after all of the accrued interest, judgment debtors owe it approximately $920,000.00

Jonesfilm also filed in this Court a February 26, 2008 contempt judgment from the Central District of California that granted it additional monetary sanctions against Hoffman and the corporate judgment debtors, jointly and severally, for failing to abide by the June 19, 2007 judgment's turnover and disclosure provisions.  The California District Court explicitly found that Hoffman lacked credibility and had a history of stone-walling and misrepresentation.  The United

---

[3]    This motion is the subject of a separate order issued simultaneously with this report and recommendation.

[4]    This Report and Recommendation will variously refer to Hoffman and all of the companies with which he is affiliated – both those in and outside Louisiana – as the "judgment debtors" or the "corporate judgment debtors."  When it is necessary to refer to a specific individual person or corporate entity, the Court will do so.

States Court of Appeals for the Ninth Circuit upheld both the June 19, 2007 judgment and the February 26, 2008 contempt judgment.  The United States Supreme Court denied review, and the judgments are now final and binding.  Judgment debtors have failed to honor the judgments.

In 2010, Jonesfilm learned that Hoffman and the corporate judgment debtors own and control several Louisiana limited liability companies, including Seven Arts Pictures Louisiana, L.L.C. Through filings with the Securities and Exchange Commission ("SEC"), Jonesfilm also learned that Hoffman had transferred millions of dollars to and through the Louisiana companies.

II.     **Jonesfilm's Motion for Contempt for Disobedience of Court Orders and to Compel Answers to Garnishment Interrogatories**

      A.     **The Parties' Contentions**

            1.     **Jonesfilm**

On October 6, 2010, the District Court here issued an order that directed the judgment debtors to (1) produce to Jonesfilm within 30 days of the date of the order any Schedule K-1s or amendments thereto relating to their membership interest in the Louisiana companies for the years 2007 through 2010; and (2) deliver to Jonesfilm any financial statements or tax returns of the judgment debtors or of the Louisiana companies.

On January 26, 2011, the District Court ordered the Louisiana companies, as garnishees, to respond to garnishment interrogatories.  The garnishees are Seven Arts Pictures Louisiana, LLC, Seven Arts Filmed Entertainment Louisiana, LLC, Seven Arts Pictures Louisiana (Equicap), LLC, Seven Arts Post LLC, Seven Arts Esplanade Development, LLC, Esplanade Pictures LLC, and Leeway Properties, Inc. (collectively, "garnishees").

Jonesfilm contends that Hoffman, as agent for the companies, failed to sufficiently respond to or provided false responses to the garnishment interrogatories.  Jonesfilm contends that garnishee

3

Leeway, owned by Hoffman's wife and a company that has received over $2 million from the judgment debtors, refuses to disclose the location of its books and records.  Jonesfilm also argues that each garnishee refused to answer Interrogatory Nos. 8, 9, 10, 11 and 12.  Jonesfilm asks the Court to compel garnishees to respond fully and completely to the garnishment interrogatories.

Citing case law, Jonesfilm notes that it has established by clear and convincing evidence that an order from this Court was in effect, the order required specific conduct on the part of the judgment debtors, and the judgment debtors have failed to perform said conduct.  Jonesfilm thus asks the Court to find the judgment debtors in contempt of Court, order the judgment debtors to perform the conduct required in the Court's earlier order and pay the costs and attorneys' fees that it incurred for having had to file this motion.

### 2.    Leeway's Opposition

Leeway admits that Hoffman's wife owns 100% of its interest.  Leeway notes that it is only a garnishee in this lawsuit.  Leeway also notes that it objected to several of the interrogatories because they (1) addressed transactions that occurred before service of the garnishment interrogatories or (2) sought information about persons and companies with whom Leeway transacts business.  Citing the Louisiana Code of Civil Procedure, Leeway contends that garnishment interrogatories are limited to what property, if any, the garnishee possesses that belongs to the judgment creditor. La. Code Civ. Proc. 2411(A).  Leeway contends that there is no continuing duty of disclosure.  When it responded to the interrogatories, Leeway stated that it did not owe money to, nor was it holding any property of, Hoffman or the other judgment debtors.  Leeway also stated that it has not paid nor distributed any money or other things of value to Hoffman or another judgment debtor.  Leeway contends that its objections to any event that occurred before service of

the garnishment interrogatories are proper.

### 3.     Seven Arts Pictures, Inc.'s Opposition

Seven Arts Pictures, Inc. ("Seven Arts") is a managing member of all garnishees save for Leeway and appears specially to object on their behalf.  Seven Arts argues that no Louisiana law permits the fishing expedition in which Jonesfilm has engaged by propounding interrogatories against persons not parties to this lawsuit and not judgment debtors and that relate to (1) general questions regarding each garnishee's assets, (2) the signatures on the garnishee's bank accounts, (3) garnishee tax returns, (4) the "custodians" of garnishee's books and records, and (5) the accountants or other persons engaged by garnishees for financial and tax reporting.  Making the same argument as Leeway, Seven Arts contends that the garnishees  properly responded to the interrogatories when it stated that it possesses no property and owes no money to the judgment debtors.

### 4.     Jonesfilm's Reply

Jonesfilm first notes that neither opposition opposes the motion for contempt.  Jonesfilm contends that judgment debtors do not dispute their disobedience of the Court's orders.  Jonesfilm thus argues that the Court should grant its motion and award its costs and attorneys' fees and notes that no party contests the validity of any time charged or the billing rates of its counsel.  It has submitted an updated affidavit that includes an updated description of time charged and expenses incurred.

Jonesfilm contends that the only garnishee that objected to the motion to compel was Leeway.  Jonesfilm argues that Seven Arts, as a judgment debtor, is not a proper objector and asks the Court to strike all unsworn and unverified statements from both Leeway's and Seven Arts's objections.

Jonesfilm also notes that no garnishee timely responded to the garnishment interrogatories within 15 days from the date of service and argues that such untimely responses have two consequences.  First, Jonesfilm's time to traverse garnishees' responses did not begin to run until notice of their answer.  Second, because it had already filed its motion to compel before it received judgment debtors' responses, Jonesfilm is entitled to a mandatory award of attorneys' fees.

Citing Federal Rule of Civil Procedure 69, Jonesfilm contends that it is entitled to post-judgment discovery.  Jonesfilm notes that post-judgment discovery is broad and permits a judgment creditor to discover assets on which execution of a judgment may be made.  Jonesfilm alleges that it has obtained documents that prove that judgment debtors were owed a "related company balance" of more than $3 million by garnishees.  Jonesfilm argues that both federal and Louisiana law provide broad sanctions for failure to respond to court-ordered discovery.

Jonesfilm notes that Leeway does not dispute that Hoffman is actually in control of and the beneficial owner of Leeway; that Hoffman and other judgment debtors transferred $2 million to Leeway in the last several years; and that Seven Arts's SEC filings admit that Leeway owes judgment debtors $3 million.

### 5.    Seven Arts' Objection to Jonesfilm's Reply

Seven Arts notes that it did not fail to oppose the motion for contempt.  It filed a motion to dismiss for lack of personal jurisdiction in which it objected to any ruling by this Court, a motion that the District Court ultimately denied.  Seven Arts also notes that the affidavit of Hoffman supports its opposition memorandum.  Seven Arts further contends that it timely responded to the

interrogatories within 15 days of having received them.[5]

### 6.     Seven Arts' Supplemental Opposition

Seven Arts notes that it advised counsel for Jonesfilm in February 2011 that its federal tax returns were incomplete as were the financial statements on which they are based.  Seven Arts contends that because of the public policy against the unnecessary public disclosure of tax returns, Jonesfilm must demonstrate a "compelling need" for such documents and that it can not obtain the information through "less intrusive means."  Seven Arts argues that the tax returns are relevant only to what distribution may be due to any judgment debtor after the date of this Court's order.  Seven Arts disputes that any tax returns before 2009 are relevant.

Seven Arts also argues that sanctions are inappropriate because it had substantial justification for withholding any documents.  Seven Arts notes that it contested this Court's exercise of personal jurisdiction over it and the other judgment debtors, and there was thus a genuine dispute over a legal issue.

Seven Arts argues that should the Court award sanctions, they must be limited to the reasonable legal fees incurred for having had to file the motion and not all legal fees incurred.  Seven Arts contends that such an amount should be limited to less than $2,000.00.

### 7.     Jonesfilm's Sur-Reply

Jonesfilm notes that a court order must be obeyed promptly unless a party moves to stay or vacate it or moves the court to reconsider it.  Jonesfilm notes that no party moved to stay or vacate the District Court's order, and a contempt proceeding is thus proper.

---

[5]     Seven Arts also argues that garnishment interrogatories against it and the other judgment creditors is inappropriate because the Court lacks personal jurisdiction over them.  This argument is now moot given the District Court's denial of the motion to dismiss for lack of personal jurisdiction.

Jonesfilm also notes that judgment debtors have no substantial justification for failing to produce the documents given that the District Court denied their motion to dismiss for lack of personal jurisdiction on June 17, 2011.

Lastly, Jonesfilm asserts that it is entitled to all of its fees and costs that it incurred in trying to enforce this Court's order.

### 8.    Jonesfilm's Supplemental Memorandum

Jonesfilm filed a final supplement to its motion in which it outlines and provides an affidavit in support of further attorneys' fees incurred as a result of this motion.

Jonesfilm also notes that Leeway supplemented and amended its answers to the garnishment interrogatories and now informs Jonesfilm that it has learned of a bank account that contained $174,769.56 at the time of service of the garnishment interrogatories. (This bank account and funds are the subject of the second motion, discussed below.)

### B.    Law and Analysis

Generally, "[a] movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Martin v. Trinity Indus., Inc.,* 959 F.2d 45, 47 (5th Cir. 1992). A court order binds not only the parties subject thereto, but also non-parties who act with the party under court order. *See NLRB v. Laborers' Int'l Union of N. Am., AFL-CIO,* 882 F.2d 949, 954 (5th Cir. 1989) ( "[A]ny party who knowingly aids, abets, or conspires with another to evade an injunction or order of a court is also in contempt of that court."); *Waffenschmidt v. MacKay*, 763 F.2d 711, 726 (5th Cir. 1985) (citing *Ex Parte Lennon*, 166 U.S. 548, 555 (1897)); *see also* Fed. R. Civ. P. 65(d)(2) (stating that every

injunction and restraining order "binds . . . the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)").  Although good faith is not a defense to a civil contempt order, good faith is relevant to whether a non-party knowingly aided or abetted another in violating a court order. *Waffenschmidt*, 763 F.2d at 726.

### 1.    Whether a court order was in effect

This is undisputed.  The District Court entered its Charging Order on October 7, 2010 [Doc. #6] and the order to respond to the garnishment interrogatories on January 26, 2011 [Doc. #17].

### 2.    Whether the order required certain conduct

This is also undisputed.  The Charging Order directed the judgment debtors to (1) produce to Jonesfilm within 30 days of the date of the order any Schedule K-1s or amendments thereto relating to their membership interest in the Louisiana companies for the years 2007 through 2010; and (2) deliver to Jonesfilm any financial statement or tax return of the judgment debtors or of the Louisiana companies.

In addition, the Order dated January 26, 2011 directed the garnishees to "answer under oath the accompanying interrogatories, categorically and in writing, as the law directs." [Doc. #17 at p. 2 (footnote omitted)].

### 3.    Whether the judgment debtors failed to comply with the court order

The issue, then, is whether judgment debtors and/or garnishees failed to comply with the Court's orders, *i.e.*, by failing to produce the requested documents and/or by failing to properly respond to the garnishment interrogatories.  With regard to the Charging Order dated October 6,

9

2010, the Court finds that this issue merits little discussion.

As noted above, the Charging Order directed the judgment debtors to (1) produce to Jonesfilm within 30 days of the date of the order any Schedule K-1s or amendments thereto relating to their membership interest in the Louisiana companies for the years 2007 through 2010; and (2) deliver to Jonesfilm any financial statement or tax return of the judgment debtors or of the Louisiana companies.  The language of the order is clear and unambiguous.  While judgment debtors may argue that any documents before 2009 are irrelevant, such an argument is of no moment.  No party or garnishee moved to vacate or modify the District Court's Charging Order, and no one asked the District Court to reconsider it.  As far as this Court is aware from the evidence before it, judgment debtors failed to completely comply with the District Court's Charging Order, and, in this Court's opinion, such disobedience merits an order of contempt.

With regard to the evidence before it, the Court notes that the majority of the transactions cited by Jonesfilm occurred before January 28, 2011, the date of the service of the garnishment interrogatories.  The Court can not help but notice that garnishment interrogatory Nos. 1, 3, 4, 5, 6, 8 and 9 include language identical or similar to the following: "at the time of service of these interrogatories or at any time since. . . ."  (*See, e.g,* Aff. of Barry L.Goldin, Ex. 14, att'd to Jonesfilm's Mem. Supp.).  Because Jonesfilm limited these garnishment interrogatories to "at the time of service" of the garnishment interrogatories" or "thereafter," there is very little evidence in the record to support any financial transaction that occurred after January 28, 2011. Thus, from the evidence before the Court, garnishees' responses to the interrogatories are for the most part proper because they address only the financial relationship between garnishees and judgment debtors as it existed after the date of service of the garnishment interrogatories.

Jonesfilm note, *inter alia*, that the exhibits reveal

(i) a transfer from Judgment Debtors to Leeway Properties (owned by Hoffman's wife) of at least approximately $2 million during the period from June 22, 2006 through August 15, 2010, including $1,673,983.48 from Judgment Debtor Seven Arts Filmed Entertainment Limited Entertainment and $394,964.59 from Judgment Debtor Seven Arts Pictures, Inc. [Aff. of Barry L. Goldin, Exs. 9 & 10];
(ii) the accrual and transfer of another at least $400,000 since January 1, 2008 between judgment debtor Seven Arts Filmed Entertainment Limited and other judgment debtors and, on the other hand, Seven Arts Pictures Louisiana L.L.C. [*Id.*, Exs. 6 & 7]; and
(iii) another more than $1,045,000 of purported "producer" and other fees paid by Louisiana affiliates to judgment debtor Hoffman and his wife Susan [*Id.*, Ex. 11];
(iv) other fund transfers to and from the Louisiana affiliates that result in a related company balance as of January 31, 2011 of $3,106,397, reported in judgment debtors Form 20F filing with the SEC [*Id.*, Ex. 12 at pp. 35, 37, 68-9]; and
(v) judgment debtors Seven Arts Pictures, PLC's SEC filings admit that the garnishees owe approximately $3 million to judgment debtors.  [*Id.*, Ex. 12 at pp. 68-69].

The dates of these financial transactions reveal that transaction numbers (i), (ii) and (iii) occurred well before the service of the garnishment interrogatories. Thus, given the limiting language of the interrogatories themselves, the Court can not find that the garnishees' responses are improper as to the limited interrogatories.

However, there is some evidence in the record to support Jonesfilm's contention that garnishees failed to wholly respond to the garnishment interrogatories, and that evidence is noticeable and troubling.  As noted above in the block quote, the exhibits to Jonesfilm's motion – specifically, transaction numbers (iv) and (v) – reflect that there existed a related company balance between judgment debtors and garnishees of approximately $3 million on January 31, 2011 – after service of the garnishment interrogatories.  (*Id.*, Ex. 12 at pp. 35, 37, 68-9).  Any related company balance should have been addressed by the garnishees in their responses because the balance existed after service of the interrogatory and after seizure.  The "related company balance" should have been

11

reflected somewhere in the garnishees' responses to the interrogatories, but they were not.

In addition, garnishment interrogatory Nos. 2 and 7 are not so limited temporally in their language as the interrogatories listed above.  These two garnishment interrogatories ask, in pertinent part:

> 2.     Do you hold or have a right to any money, promissory notes, tax or other credits or other rights, assets or property for or in which any of the Judgment Debtors has any beneficial ownership or other beneficial interest whatsoever, whether directly or indirectly and whether matured or unmatured.
>
> 7.     Have you made any payment, novation, compromise, or arrangement to or with or obtained any receipt of discharge or acquittances of any kind from any of the Judgment Debtors, directly or indirectly?

(*See id.*, Ex. 14).  Because no temporal limitation confines these two garnishment interrogatories, garnishees' responses should have reflected other financial transfers and transactions that occurred before service of the garnishment interrogatories, but no response did so.  Indeed, apart from Seven Arts Pictures Louisiana (Equicap), L.L.C., an inactive limited liability company, and despite the exhibits attached to Jonesfilm's memorandum, all of the other garnishees responded identically, either simply answering "no" to each interrogatory or objecting on the ground of the seven general objections listed at the beginning of each garnishee's responses.  The Court finds this unacceptable.

In addition, the Court overrules six of the seven general objections[6] on the ground that the garnishees have failed to provide any legal support for them.  The crux of garnishees' objections here – coupled with the argument in their motion – is that Jonesfilm is not entitled to any information other than what property of judgment debtors, if any, the garnishee had in its possession at the time that it received the garnishment interrogatories.  Garnishees' argument presents an extremely narrow

---

[6]     The Court does not overrule Objection No. 2, grounded in the attorney-client and/or work-product privilege.  To the extent that the garnishees withhold information on either of these grounds, however, the garnishees must produce a privilege log to allow Jonesfilm the opportunity to challenge any such assertion of privilege.

view of Federal Rule of Civil Procedure 69.[7]

Under Rule 69, "[t]he scope of post-judgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made. Some courts have applied a two-part test in determining whether returns should be produced." *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995) (citing *United States v. Bonanno*, 119 F.R.D. 625, 627 (E.D.N.Y. 1988)). The party who seeks production of the documents must show their relevance to the inquiry. *Id.* Then, the burden shifts to the party who opposes production to show that other sources exist from which the information contained in the withheld documents may be readily obtained. *See id.* Rule 69 permits the judgment creditor to propound discovery on "any person," not just a judgment debtor or a garnishee. Fed. R. Civ. P. 69(a)(2). The Court's review of the garnishment interrogatories reveals that they are both relevant and reasonably calculated to lead to evidence of judgment debtors' property. No garnishee has complied with its burden by pointing to another source from which Jonesfilm may obtain such information.

Garnishees' terse and unresponsive responses remain suspect to this Court, given the related company balance that existed between some of the garnishees and judgment debtors on January 31, 2011. In addition, and as discussed in detail below with regard to another motion by Jonesfilm, garnishee Leeway belatedly revealed the existence of a bank account with approximately $174 thousand in it, such sum disappearing from the bank account shortly after service of the garnishment interrogatories. (The Court elaborates on this issue further with regard to the motion below.) For

---

[7] This Court finds that neither Jonesfilm nor the garnishment interrogatories themselves are limited to the strictures of Louisiana Code of Civil Procedure article 2411. Assuming for purposes of this footnote only that Leeway and the other garnishees are correct in arguing that they had only to respond to the interrogatories with respect to any property of the judgment debtors in their possession at the time the interrogatories were served, nothing precludes Jonesfilm from also propounding interrogatories under Rule 69.

these reasons, the Court finds that garnishees failed to completely and adequately respond to the garnishment interrogatories.

### C.     Conclusion

Accordingly,

**IT IS RECOMMENDED** that the Motion for Contempt for Disobedience of Court Orders and to Compel Answers to Garnishment Interrogatories [Doc. #33] be GRANTED.

**IT IS FURTHER RECOMMENDED** that judgment debtors, to the extent that they have not already done so,  shall comply with the District Court's Charging Order dated October 6, 2010 **no later than fourteen (14) days from the date of this Report and Recommendation**.

**IT IS FURTHER RECOMMENDED** that **no later than fourteen (14) days from the date of this Report and Recommendation**, garnishees be compelled supplement and amend their responses to the garnishment interrogatories in line with this Report and Recommendation. Garnishees' objections to the garnishment interrogatories are overruled, except as to Objection No. 2.

**IT IS FURTHER RECOMMENDED** that judgment debtors Peter Hoffman, Seven Arts Pictures, Inc., Seven Arts Pictures PLC, Seven Art Entertainment Limited and Cinevisions and garnishees Seven Arts Pictures Louisiana, LLC, Seven Arts Filmed Entertainment Louisiana, LLC, Seven Arts Pictures Louisiana (Equicap), LLC, Seven Arts Post LLC, Seven Arts Esplanade Development, LLC, Esplanade Pictures LLC, and Leeway Properties, Inc. be ordered to pay the amount of  attorneys' fees incurred by Jonesfilm to enforce the District Court's orders as outlined below in Section VI.

### IV.     Motion for Order Requiring Immediate Delivery by Garnishee Leeway Properties, Inc. and Judgment Debtor Peter Hoffman of Funds and Other Relief

14

### A.     The Parties Contentions

#### 1.     Jonesfilm

Jonesfilm notes that during discovery, Leeway's counsel admitted that Hoffman is the vice president, secretary and director of Leeway and also the signatory for Leeway's bank accounts. Indeed, Susan Hoffman testifed at the oral hearing on July 27, 2011 that she knows almost nothing concerning the activities of Leeway.  As noted above, also on July 27, 2011, Leeway supplemented and amended its earlier responses to the garnishment interrogatories by noting that a Leeway bank account at City National Bank ("City National") in California contained $174,769.56.  Leeway admitted that the owner of the funds is unknown and that City National was to investigate the receipt and transfer of the funds.  Although Leeway informed Jonesfilm that it would follow up and keep Jonesfilm updated, Jonesfilm contends that it has received no further response from Leeway. Jonesfilm argues that pursuant to the garnishment order, Leeway should have delivered the funds to the U.S. Marshal.  Jonesfilm asks the Court to order Leeway to deliver said funds to it plus statutory interest accruing thereon from the date that Leeway should have delivered the funds to the U.S. Marshal.

Jonesfilm notes that the California District Court's contempt order also imposed a constructive trust and a constructive and equitable lien in favor of Jonesfilm for the $41,766.00 (plus legal interest) that it imposed as sanctions.  Jonesfilm contends that the case law on which the California court relied to impose the constructive trust continues to apply here, as the underlying money judgments here were issued by courts in California under California law; Leeway's City National account in which those funds were held is also located in California; the address for Leeway in the bank account documents is a California address [c/o judgment debtor Peter Hoffman's

company Cinevisions in California]; and the bank statements and other books and records for that account are maintained by judgment debtor Peter Hoffman at his California offices. Jonesfilm argues that Louisiana law has also recognized the imposition of constructive trusts. Jonesfilm thus asks the Court to provide an accounting and tracing of those funds and should confirm the imposition of a constructive trust and a constructive and equitable lien on any such disbursed funds and the proceeds thereof.

Jonesfilm also seeks its legal fees and costs incurred for its efforts to enforce this and the California court's orders.

### 2.      Leeway's Opposition

Attaching a letter from City National to its opposition, Leeway notes that it is still waiting for a letter with the outcome of City National's investigation into the account and the funds. Leeway expects the outcome of the investigation to reveal that the transfers into and out of Leeway's account were part of a fraudulent scheme to embezzle monies and of no effect.

Leeway has learned that Marcia Matthews, a former bookkeeper of Seven Arts, allegedly transferred the funds into the account. Seven Arts terminated Matthews on March 18, 2011. Matthews had been transferring monies to and from various accounts to disguise the amounts that she was stealing. The Los Angeles Police Department ("LAPD") Report indicates that Matthews had been embezzling monies from Seven Arts for approximately two years. Leeway notes that it had never authorized the transfers. Leeway contends that neither it nor Susan Hoffman had knowledge of the monies in the bank account when Leeway answered the garnishment interrogatories. Leeway had allegedly closed the account in August 2010. Leeway thus asks the Court to continue this motion until the LAPD and City National investigations are concluded.

16

### 3.    Jonesfilm's Reply

In its reply, Jonesfilm generally re-hashes its earlier arguments.  A few salient points are as follows:

(1)    Jonesfilm lists the individual transfers that constitute the total transfer of $74,769.56 from Leeway to judgment debtors.

(2)    Jonesfilm notes that Peter Hoffman failed to file an opposition to its motion, and, thus, the motion should be granted as unopposed with regard to Peter Hoffman.

(3)    Jonesfilm asks the Court to strike Susan Hoffman's affidavit in support of Leeway's opposition given her testimony at the earlier hearing before this Court that she has no first-hand personal knowledge of the matters that she describes in her affidavit.

(4)    Jonesfilm now seeks a total of $6,749.00 in fees and costs (including the $3,767.00 to reply to Leeway's opposition).

### 4.    Leeway's Supplemental Memorandum

After the oral hearing on the motion, the Court ordered Leeway to file a supplemental memorandum to address the status of City National's investigation of Matthews' alleged embezzlement.  Leeway did so.  In the memorandum, Leeway maintains that the investigation is to take an additional 90 days, but City National's conclusion depends on the actions of law enforcement, actions that are outside City National's and Leeway's control.

Leeway also informs the Court that notices of wire transfers into and out of Leeway's account with City National can be available for production to Jonesfilm by September 28, 2011.

### 5.    Jonesfilm's Supplemental Memorandum

Jonesfilm points out that on September 28, 2011, Leeway produced a copy of the notice of

the February 22, 2011 wire transfer.  The notice reveals that Leeway transferred the $100,000.00 to RBSM, L.L.P., the independent certified public accountant of judgement debtor Seven Arts Pictures PLC.

Accordingly, Jonesfilm contends that all of the evidence that it has submitted to the Court confirms that Leeway disbursed to judgment debtors all $174,769.56 in the City National account at the time Leeway received the District Court's garnishment order:  (1) $74,769.56 transferred from January 28 to February 22, 2011 to account number 0010185797 (judgment debtor Peter Hoffman), account number 00112411186 (judgment debtor Seven Arts Filmed Entertainment Limited), and account number 00112874151 (judgment debtor Seven Arts Pictures Inc.); and (2) $100,000.00 transferred on February 22, 2011 to RBSM, L.L.P.

**B.      Law and Analysis**

Under the law of Louisiana, a garnishment proceeding is nothing more than a streamlined legal process for a creditor's seizing property of a judgment debtor in the hands of a third party. *First Nat'l Bank of Commerce v. Boutall*, 422 So.2d 1159, 1161 (La. 1982).  Garnishment proceedings are governed by Louisiana Code of Civil Procedure articles  2411-2417.  Article 2411(B) states that upon service of the petition, citation, and interrogatories, seizure is thereby effected against any property of, or credit due, the judgment debtor.  La. Code. Civ. Proc. art. 2411(B).  In short, the seizure of property belonging to a judgment debtor and under the possession and control of the garnishee is effective upon service of the garnishment petition, citation and interrogatories.  *Id.*

This motion merits little discussion.  Here, the seizure of property was effected on January 28, 2011, when Leeway was served with the District Court's garnishment order.  Leeway violated

18

the garnishment order by transferring  to the accountant of judgment debtors the aforementioned funds after it received the garnishment order.  Leeway has wholly failed to convince this Court that – indeed, it has not even addressed whether – these monies were not owed to nor the property of judgment debtors, especially given that Leeway transferred the funds to judgment debtors and judgment debtors' accountant after service of the garnishment interrogatories.  Accordingly,

**IT IS RECOMMENDED** that the Motion for Order Requiring Immediate Delivery by Garnishee Leeway Properties, Inc. and Judgment Debtor Peter Hoffman of Funds and Other Relief [Doc. #82] be GRANTED.

## V.     Attorneys' Fees

Because this Court has found judgment debtors in contempt of the District Court's orders and that garnishees failed to adequately respond to the garnishment interrogatories, and, with respect to Leeway, transferred garnished funds after effective seizure by the District Court's order, the Court finds appropriate an award of reasonable attorneys' fees to Jonesfilm for having had to file the motions to enforce the orders.

### A.     The Lodestar Approach

The United States Supreme Court and the Fifth Circuit have oft-repeated that a request for attorneys' fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir.1990).  A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous.  *Hopwood v. State of Tex.*, 236 F.3d 256, 277, n.79 (5th Cir. 2000);  *Hensley*, 461 U.S. at 436-37.

19

To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39, 103 S.Ct. at 1941-43; *Associated Builders and Contractors*, 919 F.2d at 379. The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund,* 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc*., 135 F.2d 1041, 1047 (5th Cir.1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir.1992).

### 1.        Reasonable Hourly Rates

Turning to the affidavits submitted by Jonesfilm's counsel, this Court must determine whether the hourly rates of $325.00/hour for David Waguespack and $250.00/hour for Barry L. Goldin are reasonable given counsel's ability, competence, experience, and skill.  David Waguespack is a partner in his law firm with 20 years of experience, and Barry L. Goldin, according to the case law, has approximately 34 years of legal experience.

This Court's review of the case law in this district for the past two years reveals that the

requested hourly rates are within or below the range for lawyers of similar skill and experience in the legal community this district. *See, e.g., Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 701 (E.D. La. 2009) (awarding $300.00/hour for partners, $225.00/hour for associates, and $75.00/hour for paralegals)*; Entergy La., L.L.C. v. The Wackenhut Corp.*, Civ. A. No. 09-7367, 2010 WL 4812921 (E.D. La. Nov. 17, 2010) (awarding $175.00/hour to attorney with 16 years of experience); *Wilson v. Tulane Univ.*, Civ. A. No. 09-7451, 2010 WL 3943543 (E.D. La. Oct. 4, 2010) (awarding $250.00/hour and $160.00 hour to attorneys with 25 and four years experience respectively); *Hebert v. Rodriguez*, Civ. A. No. 08-5240, 2010 WL 2360718 (E.D. La. June 8, 2010) (awarding $300.00/hour to attorney with 33 years of experience); *Gulf Coast Facilities Mgmt, L.L.C. v. BG LNG Servs., L.L.C.*, Civ. A. No. 09-3822, 2010 WL 2773208 (E.D. La. July 13, 2010) (awarding $300.00/hour to attorneys with 17 years experience and $180.00/hour and $135.00/hour to attorneys with seven years and two years experience respectively); *Belfor USA Group, Inc. v. Bellemeade Partners, L.L.C.*, Civ. A. No. 09-158, 2010 WL 6300009 (E.D. La. Feb. 19, 2010) (awarding $210.00/hour, $250.00/hour and $180.00/hour to attorneys with 20, ten and four years experience respectively); *Marks v. Standard Fire Ins. Co.*, Civ. A. No. 09-1947, 2010 WL 487403 (E.D. La. Feb. 3, 2010) (awarding $185.00/hour to attorney with seven years of experience).

Considering the prevailing market rates in the Greater New Orleans area and the reasonable fees set by the courts in this district, the Court finds that the aforesaid hourly rates are reasonably similar to other hourly rates in this district. The Court finds that $325.00/hour is a reasonable rate for the services of David Waguespack and $250.00/hour is a reasonable rate for Barry L. Goldin.

### 2.  Reasonable Hours Expended

The Court must next determine whether the number of hours that plaintiff's counsel

expended on the litigation was reasonable.  The burden of proving the reasonableness of the hours expended is on the fee applicant. *Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001).  As a general proposition, all time that is excessive, duplicative, and/or unproductive should be excised from any award of attorney's fees.  *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).  Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards.  *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996).  The fee seeker's attorneys "are charged with proving that they exercised billing judgment."  *Id.* at 770.  When billing judgment is lacking, the court *must* exclude from the lodestar calculation the hours that were not reasonably expended.

This Court has reviewed the affidavits submitted on behalf of Jonesfilm's counsel and finds some of the hours expended by counsel to be unreasonable.  With regard to the contempt motion, David Waguespack alleges that he expended a total of 14 hours, and Barry L. Goldin alleges that he expended a total of 60.1 hours.  The Court's review of the pleadings filed in connection with this motion reveals that the majority of the work was necessary but that some of the filings were unnecessary.  Specifically, the Court finds that six of the hours expended by Waguespack and 11.9 of the hours expended by Goldin were unnecessary in that they were expended in response to plaintiffs' sur-replies and contributed very little to the arguments – and thus the resolution of – on the motion.  The Court will strike those hours.  Accordingly, the Court finds that an award of $14,650.00 in attorneys' fees is reasonable with regard to the motion for contempt and to compel (8 hours at $325.00/hour for attorney Waguespack and 48.2 hours at $250.00/hour for attorney Goldin).

With regard to the motion to require immediate delivery, David Waguespack alleges that he

expended a total of 5.1 hours and Barry L. Goldin alleges that he expended a total of 20.2 hours. The Court's review of the pleadings filed in connection with this motion reveals that the hours expended here were reasonable and necessary.  The reply memorandum here contributed more than the aforementioned response to the sur-replies, in that it outlined and detailed many of the financial transactions at issue.  Accordingly, and with regard to this motion, the Court finds that an award of $6,707.50 in attorneys' fees is reasonable with regard to this motion (5.1 hours at $325.00/hour for attorney Waguespack and 20.2 hours at $250.00/hour for attorney Goldin).

**V.      Conclusion**

For the foregoing reasons,

**IT IS RECOMMENDED** that the Motion for Contempt for Disobedience of Court Orders and to Compel Answers to Garnishment Interrogatories [Doc. #33] be GRANTED.

**IT IS FURTHER RECOMMENDED** that the Motion for Order Requiring Immediate Delivery by Garnishee Leeway Properties, Inc. and Judgment Debtor Peter Hoffman of Funds and Other Relief [Doc. #82] be GRANTED.

**IT IS FURTHER RECOMMENDED** that judgment debtors Peter Hoffman, Seven Arts Pictures, Inc., Seven Arts Pictures PLC, Seven Art Entertainment Limited and Cinevisions and garnishees Seven Arts Pictures Louisiana, LLC, Seven Arts Filmed Entertainment Louisiana, LLC, Seven Arts Pictures Louisiana (Equicap), LLC, Seven Arts Post LLC, Seven Arts Esplanade Development, LLC, Esplanade Pictures LLC, and Leeway Properties, Inc. be held liable, jointly and severally, for an award of $21,357.50 in attorneys' fees incurred by Jonesfilm to enforce the District Court's orders as outlined above.

**NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 26th day of October, 2011.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

24