UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SEVEN ARTS PICTURES, INC., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-4814 C/W**<br>**09-4815** |
| **JONESFILM** | **SECTION "H" (3)** |

## ORDER

Before the Court is the Motion of Judgment Creditor Jonesfilm to Compel Production of Subpoenaed Documents from Garnishee Leeway Properties, Inc. [Doc. #92]. This Order issues simultaneously and in tandem with the Report and Recommendation that resolves the Motion for Contempt for Disobedience of Court Orders and to Compel Answers to Garnishment Interrogatories [Doc. #33] and the Motion for Order Requiring Immediate Delivery by Garnishee Leeway Properties, Inc. and Judgment Debtor Peter Hoffman of Funds and Other Relief [Doc. #82]. The background of this dispute relevant to this motion is adequately set out in the Report and Recommendation, and the Court will not repeat it here. Having reviewed the motion to compel, the opposition, the case law and the parties' oral arguments, the Court rules as follows.

**I.    Motion of Judgment Creditor Jonesfilm to Compel Production of Subpoenaed Documents from Garnishee Leeway Properties, Inc.**

    **A.    The Parties' Contentions**

### 1.     Defendant Jonesfilm

Judgment Creditor Jonesfilm ("Jonesfilm") served a subpoena on garnishee Leeway Properties, Inc. ("Leeway") on August 17, 2011 that sought all documents relating to Leeway's bank account with City National Bank ("City National") that contained the disputed $174,769.56. The return date on the subpoena was August 31, 2011. Leeway did not timely produce the documents, nor did it object to nor move to quash the subpoena. Jonesfilm contends that Leeway's failure to object within 14 days results in a waiver of objections to the subpoena. Leeway ultimately produced the January and February 2011 bank statements. Those bank statements for that two-month period confirm Leeway's receipt in its City National account of more than $314,000.00 during January 2011; that on January 28, 2011 (the date Leeway admits receiving service of this Court's Garnishment Order) the account contained $174,769.56; and during the balance of January and February 2011, all $174,769.56 was disbursed, ending with a "Domestic Wire" transfer of $100,000.00 of those funds on February 22, 2011.

From the bank statements and from other documents that Jonesfilm obtained, Jonesfilm identified judgment debtor Seven Arts Filmed Entertainment Limited as transferor of approximately $314,000.00 to Leeway from January 6 through 21, 2011, and that Leeway disbursed $74,769.56 of those funds post-garnishment from the account during January 28, 2011 through February 22, 2011 to Peter Hoffman, Seven Arts Filmed Entertainment Limited, and Seven Arts Pictures Inc. However, the bank statements do not identify the name or account number of the transferee of the February 22, 2011 $100,000.00 wire transfer of the balance of the garnished funds.

Citing case law, Jonesfilm contends that courts allow broad post-judgment discovery under Federal Rule of Civil Procedure 69 against a judgment debtor's corporate affiliates, spouse, or any

other person to whom the judgment debtor may have transferred assets or who may be concealing assets. Jonesfilm argues that it is undisputed that Peter Hoffman and his affiliated judgment debtors have transferred millions of dollars to and through Leeway, and, thus, Jonesfilm should be entitled to broad discovery against it.

Jonesfilm argues that the subpoenaed documents do not constitute trade secrets, nor contain sensitive commercial information that, if disclosed, would impair Leeway's ability to compete in the marketplace. Thus, Jonesfilm contends, the documents are not protected from disclosure under Rule 45 as confidential bank accounts or business records. Jonesfilm also maintains that Leeway's attempts to withhold the documents on these grounds is estopped by its "unclean hands."

Jonesfilm contends that the alleged Matthews' embezzlement does not relate to any of the transfers given that Matthews allegedly embezzled only $31,000.00. Jonesfilm notes that the LAPD report never mentions Leeway. As noted above, from documentation obtained elsewhere, Jonesfilm succeeded in identifying Seven Arts Filmed Entertainment Limited as the transferor of the approximately $314,000 transferred to Leeway during January 2011. Jonesfilm has also identified the transferees of approximately $74,000 of the garnished funds as long-standing bank accounts at City National of Peter Hoffman, his corporate affiliate Seven Arts Filmed Entertainment Limited, and another corporate affiliate Seven Arts Pictures Inc. Jonesfilm contends that transfers to those judgment debtors of those garnished funds to long-standing bank accounts of the judgment debtors are not transfers to, and so cannot be embezzlements by, Marcia Matthews.

Jonesfilm also seeks its costs and fees incurred for having had to file the motion. Jonesfilm has allegedly incurred costs in the amount of $4,970.00 to research, draft, prepare, review, file, and serve its moving papers, consisting of $3,800.00 for services through the Labor Day weekend of

Jonesfilm's general counsel, attorney Barry Goldin (15.2 hours at his regular charge of $250.00/hour), and $1,170.00 for services of Jonesfilm's Louisiana litigation counsel attorney David Waguespack (3.6 hours at $325.00/hour).

### 2. Leeway's Opposition

Leeway contends that it attached the documents in its possession responsive to the subpoena to its memorandum in opposition to the motion and order requiring immediate delivery. Leeway also produced the documents to Jonesfilm on September 2, 2011. After an unscheduled Rule 37.1 conference, at which counsel for Leeway informed counsel for Jonesfilm that she would contact her client with regard to several alleged deficient responses, counsel for Leeway attempted to call back counsel for Jonesfilm, but he was unavailable. Jonesfilm then filed the motion to compel on September 6, 2011.

In response to the subpoena, Leeway notes that it produced the following:

(1) City National Bank statement dated February 28, 2011 of Leeway account #112200290;

(2) City National Bank Statement dated January 31, 2011 of Leeway account #112200290;

(3) August 30, 2011 letter from Martha Bedoy, Vice President/Manager of External Investigations at City National Bank; and

(4) Los Angeles Police Department Investigative Report dated May 25, 2011.

Leeway also notes that the balance in the account at the beginning of January 2011 and the end of February 2011 was $0.00. Leeway thus contends that the production of other bank statements is irrelevant. Leeway maintains that Jonesfilm seeks only one document that Leeway has not

produced: the bank statements that identify the name or account number of the transferee of the February 2011 $100,000.00 wire transfer.

Leeway contends that it can not be held liable for attorneys' fees and costs because the parties held no meaningful Rule 37.1 conference. Leeway contends that the volume of motions reveals Jonesfilm's "disdain" for it.

Renewing its argument from the earlier motion for contempt, Leeway contends that Jonesfilm can only seek information with regard to the property, if any, that it possesses that belongs to the judgment debtor at the time of service of the garnishment interrogatories. Leeway thus contends that Jonesfilm's interrogatories exceed this scope.

Leeway also asks the Court to disregard the affidavit of Barry Goldin, Jonesfilm's general counsel. Leeway contend that the affidavit is no more than a regurgitation of Jonesfilm's legal arguments in affidavit form, and Goldin can not be both attorney and witness for Jonesfilm. Leeway also maintains that Goldin lacks personal knowledge of the fact and has only secondary knowledge in his capacity as attorney and after review of documents.

### 3. Jonesfilm's Reply

In its reply, Jonesfilm again generally re-hashes its earlier arguments. However, a few salient points are as follows:

(1) Jonesfilm contends that there is no admissible evidence contrary to Jonesfilm's properly-submitted affidavit. Leeway failed to attach an affidavit from either Peter or Susan Hoffman to contradict its evidence.

(2) Jonesfilm contends that Leeway's argument under Louisiana Code of Civil Procedure article 2411 misses the mark because it can obtain discovery from any

5

person in aid of its judgment under Federal Rules of Civil Procedure 69(a)(2).

(3) Jonesfilm argues that Leeway has abandoned the argument that the subpoenaed documents are confidential bank records and business documents because it failed to raise the argument in its memorandum in opposition.

(4) Jonesfilm disputes Leeway's argument that it does not have the documents within its possession, custody or control. Jonesfilm notes that the case law defines "control" as a "legal right to obtain" the documents. Because Leeway has an account at City National, Jonesfilm argues, it has the legal right to obtain the documents.

(5) Jonesfilm now seeks a total of $8,091.00 in fees and costs (including the $3,080.00 of legal fees and $41.00 in costs to reply to Leeway's opposition).

## II.   Law and Analysis

The Court finds that this motion is moot for the most part. Leeway has produced to Jonesfilm all documents that relate to the disputed $174,769.56 in the City National bank account. While Jonesfilm seeks all documents that relate to the City National bank account, there is no evidence before the Court that the bank account ever contained any other funds during the time in question.[1] The exhibits attached to Jonesfilm's memorandum in support reveal that the balance in the bank account was $0.00 at the beginning of January 2011 and at the end of February 2001. (Doc. #92-2, Ex. 3). Leeway has produced to Jonesfilm all documents responsive to the subpoena and necessary to determine the whereabouts of the disputed $174,769.56. Accordingly, the motion is moot in this regard.

---

[1] The Court notes that the exhibits reveal that at one point during January 2011, the balance in the bank account was approximately $314,000.00, Jonesfilm does not argue that Leeway transferred the difference (between $314,000.00 and $174,769.56) to judgment debtors.

In all other requests, the motion is denied. The Court denies any requests for costs associated with this motion.

### III. Conclusion

Accordingly, and for the reasons outlined above,

**IT IS ORDERED** that the Motion of Judgment Creditor Jonesfilm to Compel Production of Subpoenaed Documents from Garnishee Leeway Properties, Inc. [Doc. #92] is DISMISSED WITHOUT PREJUDICE IN PART and DENIED IN PART as outlined above.

New Orleans, Louisiana, this 26th day of October, 2011.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**