UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SEVEN ARTS PICTURES, INC., ET AL. | * | CIVIL ACTION NO. 09-mc-4814 c/w |
| | * | 09-mc-09-4815, 11-1994, 11-2628, |
| | | 12-535 |
| **Plaintiffs** | * | |
| | * | SECTION: H |
| | * | JUDGE JANE TRICHE MILAZZO |
| VERSUS | * | |
| | * | |
| | * | MAGISTRATE: 3 |
| JONESFILM | * | MAG. DANIEL KNOWLES, III |
| **Defendant** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER AND REASONS**

Before the Court are two Motions to Dismiss for Failure to State a Claim filed by Peter Hoffman (Doc. 252) and Leeway Properties, Inc. (Doc. 253).[1]  For the reasons that follow the

---

[1] The Motions to Dismiss were originally filed in civil action number 11-2628 (*Leeway Properties, Inc. v. Jonesfilm, et al.*) bearing document numbers 55 and 63.  On December 19, 2012 the Court consolidated the related cases into civil action number 09-mc-4814 (*Seven Arts Pictures, Inc., et al. v. Jonesfilm*).  Only the pending Motions have been transferred to the main case.  Accordingly, the Court will utilize the record document numbers in 11-2628 for the

1

Motions are GRANTED.

## BACKGROUND

On March 18, 2005 Jonesfilm obtained a judgment from the Los Angeles Superior Court against Peter Hoffman in the amount of $290,911.00, plus interest from the date of July 20, 2004 at the rate of ten percent per annum until paid.  On January 19, 2006 Jonesfilm filed a Petition with the Orleans Parish District Court to have that Judgment made executory in Louisiana.  The Court granted the motion and the California judgment was made executory and filed in the Orleans Parish Mortgage Records on March 15, 2006.

On July 29, 2011 Jonesfilm requested a writ of *fieri facias* for the seizure and sale of certain properties located at 910 and 912 Royal Street in New Orleans, Louisiana ("Subject Property"). The Court granted the writ on August 10, 2011.  On October 14, 2011 Leeway Properties, Inc. ("Leeway") filed a petition for injunctive relief against Jonesfilm and Peter Hoffman ("Hoffman") in the Civil District Court, Parish of Orleans, requesting the Court to stay the foreclosure of the Subject Property. Jonesfilm removed the action to this court on October 19, 2011.  This Court subsequently denied Leeway's Motion for preliminary injunction on November 8, 2011.

Following this Court's November 8, 2011 ruling, payment was voluntarily made to Jonesfilm prior to the scheduled November 27, 2011 sheriff's sale thereby averting the sale. Jonesfilm

---

purposes of this Order and Reasons.

subsequently filed, recorded, and served a Satisfaction of the Louisiana Court's March 14, 2006 Judgment and recorded a Cancellation of that Judgment in the Orleans Parish Mortgage Records on December 21, 2011.

On September 27, 2012 the Court dismissed the underlying matter with prejudice. (Doc. 47.) Accordingly, the only claims remaining are Jonesfilm's Counterclaim against Leeway and a Cross-claim against Hoffman. Jonesfilm requests that it be awarded attorneys fees and other costs incurred to defend against Leeway's Complaints in both this Court and in Orleans Parish District Court. (Doc. 25.)

In November, 2012 Hoffman and Leeway filed their respective Motions to Dismiss Jonesfilm's Counter and Cross Claims. (Docs. 55, 63.) Jonesfilm opposed the Motions on December 11, 2012. (Docs. 74, 75.) Hoffman filed a reply on December 19, 2012. (Doc. 83.) The Motions were taken under submission on December 19, 2012.

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept the complaint's factual

allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009). The Court need not, however, accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. Id. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" will not suffice. *Iqbal*, 129 S.Ct. at 1949 (quotations and citation omitted). Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. The Court's review "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir.2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir.2000)). Ultimately, If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

**LAW AND ANALYSIS**

Jonesfilm's Counter and Cross Claims are, in essence, a request for attorneys fees or, alternatively, a Motion for Sanctions. The Court finds that neither request is plausible under the

4

law under these circumstances.  Accordingly, Hoffman and Leeway's Motions are granted.

I.      *Arguments of the Parties*

Jonesfilm requests this Court to enter attorneys fees under its inherent power to sanction Hoffman and Leeway.  (Doc. 73.)  Jonesfilm contends that a district court has inherent power in diversity cases to assess and award attorney fees and expenses incurred by an aggrieved party as sanctions for an adversary's "bad faith" misconduct.  (*Id.* at 9.)  Jonesfilm avers that Hoffman and Leeway have a history of bad faith misconduct and have a history of filing frivolous, harassing, and vexation litigation for the improper purpose of delaying and frustrating collection of judgments which Jonesfilm has obtained against them.  (*Id.* at 11.)

Conversely, Jonesfilm and Hoffman aver that neither sanctions nor attorney fees are proper in the instant matter.  (Docs. 55-2, 63-1.)  They contend that Jonesfilm has not met the prerequisites for obtaining sanctions under Rule 11. (*Id.*) Furthermore, Hoffman and Leeway argue that attorneys fees are not allowed except when authorized by statute or contract, and neither of those is applicable in this case. (*Id.*)

II.     *Analysis*

Rule 11 undoubtedly allows federal courts to direct payment of "reasonable attorney's fees" to the moving party.  Fed. R. Civ. P. 11(c)(4).  "The rule's clear language allows for an award of attorney's fees and other expenses *only* 'if imposed on motion.'"  *Marlin v. Moody Nat'l Bank, N.A.*, 533 F.3d 374, 379 (5th Cir. 2008) (emphasis in original) (quoting Fed. R. Civ. P. 11(c)(4)).  A

motion for sanctions under Rule 11 must be made separately from any other motion and must not be filed with the Court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, or denial is not withdrawn or appropriately corrected.  Fed. R. Civ. P. 11(c)(2).  Since Defendant has failed to comply with these procedural prerequisites, the Court cannot award attorney's fees under Rule 11.

To the extent Defendant petitions this Court to impose sanctions under its inherent authority, such request is denied.  The Supreme Court has held that "federal courts have inherent power to assess attorney's fees."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991).  "It is well-settled, however, that the threshold for the use of inherent sanctioning power is high, and once the power is invoked, it must be 'exercised with restraint and discretion.'"  *Maguire Oil Co., et al. v. The City of Houston.*, 143 F.3d 205, 209 (5th Cir. 1998) (quoting *Chaves v. M/V Medina Star*, 47 F.2d 153, 156 (5th Cir. 1995)).  "A court should invoke its inherent power to award attorney's fees only when it finds that 'fraud has been practiced upon it, or that the very temple of justice has been defiled.'"  *Boland Marine & Mfg. Co. v. Rihner*, 41 F.3d 997, 1005 (5th Cir. 1995) (quoting *Chambers*, 501 U.S. at 46).  "When there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules [or a federal statute]," the court should only resort to its inherent power if it believes that "neither the statute nor the Rules are up to the task." *Chambers*, 501 U.S. at 50.

Although the Court finds that Jonesfilm makes a compelling case in their request for

attorneys fees, the Court finds that adequate sanctions could have been imposed under Rule 11. Accordingly, the Court declines to use its inherent power.

**CONCLUSION**

Before the Court are two Motions to Dismiss for Failure to State a Claim filed by Peter Hoffman (Doc. 252) and Leeway Properties, Inc. (Doc. 253). For the foregoing reasons, the Motions are GRANTED.

New Orleans, Louisiana this 24th day of June, 2013.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**