UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SEVEN ARTS PICTURES, INC., ET AL. | * | CIVIL ACTION NO. 09-mc-4814 c/w |
| | * | 09-mc-09-4815, 11-1994, 11-2628, |
| | | 12-535 |
| Plaintiffs | * | |
| | * | SECTION: H |
| | * | JUDGE JANE TRICHE MILAZZO |
| VERSUS | * | |
| | * | |
| | * | MAGISTRATE: 3 |
| JONESFILM | * | MAG. DANIEL KNOWLES, III |
| Defendant | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**ORDER AND REASONS**

The matter before the Court is a Motion for Summary Judgment filed by Defendants Royal Alice Properties, LLC ("RAP"), Leeway Properties, Inc. ("Leeway"), and Susan Hoffman ("Susan"). (Doc. 182.)  The Motion requests the Court to dismiss all causes of action in original case numbers 11-1994 and 12-535.  For the reasons that follow the Motion is DENIED.

1

**BACKGROUND**

*I. First Judgment*

In 2002, a dispute arose out of the alleged misconduct of Defendant Peter Hoffman's Company, NTTS Productions, Ltd. ("NTTS"), with respect to certain Jonesfilm motion picture rights. Jonesfilm instituted an arbitration proceeding against Defendant Peter Hoffman and his affiliate company, NTTS, before the American Film Marketing Assocation ("AFMA"). On July 20, 2004, the AFMA arbitration tribunal issued a declaration of rights in favor of Jonesfilm and a monetary award to Jonesfilm against NTTS. The order was confirmed by the Superior Court for Los Angeles County, California in December 2004. On March 18, 2005, the Los Angeles Superior Court amended its judgment to include Peter Hoffman ("Peter") as a Judgment Debtor in the action as the alter ego of NTTS, finding him jointly and severally liable for its obligation under the judgment. On March 14, 2006, the Civil District Court for the Parish of Orleans made the California Judgment against Peter in the amount of $290,911.00 plus interest executory in Louisiana. This judgment was recorded on March 15, 2006 in the Orleans Parish mortgage records.

*II. Second Judgment*

In August 2005, Jonesfilm instituted an arbitration proceeding against Peter Hoffman affiliates Cinevisions ("CV"), Seven Arts Pictures, Inc. ("SAP"), Seven Arts Filmed Entertainment ("SAFE"), and Seven Arts Pictures, PLC ("PLC") (collectively the "Peter Hoffman Affiliates") before

2

the Independent Film & Television Alliance ("IFTA"). On June 22, 2006, the IFTA arbitrator issued a monetary award and other relief in favor of Jonesfilm and against the Peter Hoffman Affiliates jointly and severally.  The United States District Court for the Central District of California confirmed the arbitration award on June 19, 2007. Jonesfilm registered this Order and Judgment with the United States District Court for the Eastern District of Louisiana on June 2, 2010, and recorded the judgment in the Orleans Parish mortgage records.   The Second Judgment was confirmed on appeal by the United States Court of Appeals for the Ninth Circuit on February 12, 2009.

*III. Third Judgment*

On February 26, 2008, the United States District Court for the Central District of California granted Jonesfilm's Motion for Contempt against Peter, CV, SAP, SAFE, and PLC. In addition, the Court confirmed the imposition of a constructive trust and lien in the amount of $41,766.00 plus interest. Jonesfilm registered the contempt judgment with the United States District Court for the Eastern District of Louisiana and recorded this judgment in the Orleans Parish mortgage records on June 2, 2010.  The Third Judgment was confirmed on appeal by the United States Court of Appeals for the Ninth Circuit on February 12, 2009.

*IV. Post-Judgment Actions*

Jonesfilm alleges that Peter, SAFE, SAP, CV, and PLC have failed to make any payments to Jonesfilm and have further failed to satisfy any other obligations imposed by these previous

judgments. Jonesfilm conducted discovery which confirmed that Peter and other Judgment Debtors have interests in Louisiana properties and, in light of their failure to pay Jonesfilm on the previous judgments, began actions in this Court to collect on and enforce its judgments.

On August 12, 2011 Jonesfilm filed a Complaint against Peter, SAP, SAFE, Leeway, and Susan.  (11-1994, Doc. 1.)  Jonesfilm alleges six causes of action: (1) a revocatory action against Peter, SAP, SAFE, and Leeway; (2) revocatory action against Peter, Susan, and Leeway as to the ownership of the shares of Leeway; (3) revocatory action against Peter, Susan, and Leeway for hiding assets to thwart collection; (4) oblique action against Susan, Leeway, Peter, SAP, and SAFE; (5) oblique action against Leeway as the alter ego of Peter; (6) oblique action against Peter and Susan for sham ownership, absolute nullity, and simulation of real estate.  (Id.)

On February 28, 2012 Jonesfilm filed a Complaint against Leeway, RAP, and Susan. (12-535, Doc. 1.)  In its Complaint Jonesfilm alleges eight causes of action: (1) revocatory action against Leeway, RAP, and Susan; (2) revocatory action for gratuitous contract against Leeway, RAP, and Susan; (3) revocatory action against Susan and SAP as to the ownership of all membership interests in RAP; (4) revocatory action against Leeway, RAP, and Susan for hiding assets to thwart collection; (5) oblique action against Leeway, RAP, and Susan; (6) oblique action against RAP as the alter ego of Leeway; (7) oblique action against RAP, Leeway, and Susan for sham ownership, absolute nullity, and simulation of real estate; and (8) oblique action against RAP, Leeway, and Susan for declaration as to the judicial mortgage.

*V. The Pending Motion*

The matter before the Court is a Motion for Summary Judgment filed by Susan, RAP, and Leeway (collectively "Moving Defendants"). (Doc. 182.) The Motion seeks to dismiss the six causes of action that are the base of Jonesfilm's Complaint in 11-1994 and the eight causes of action that are the base of Jonesfilm's complaint in 12-535.  On April 2, 2013 Jonesfilm opposed the Motion. (Doc. 205.)  Moving Defendants filed a reply on April 10, 2013.  (Doc. 210.)  Jonesfilm filed a sur-reply on April 16, 2013.  (Doc. 214.)

**LEGAL STANDARD**

Summary judgment is appropriate "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c) (2012). A genuine issue of fact exists only "[i]f the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the nonmovant and draws all reasonable inferences in his favor. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528(5th Cir.1997). "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the

non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir.1995). Summary judgment is appropriate if the non-movant "[f]ails to make a showing sufficient to establish the existence of an element essential to that party's case...." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial. *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir.2004) (internal citations omitted). "We do not ... in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir.2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)). Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion." *Boudreaux v. Banctec, Inc.*, 366 F.Supp.2d 425, 430 (E.D.La.2005).

## LAW AND ANALYSIS

For the following reasons, the Motion for Summary Judgment is denied. Accordingly, all of Jonesfilm's claims remain pending.

I.   *Enforcement of the Federal Judgment*

Moving Defendants argue that no causes of action based on the Louisiana articles are authorized by Rule 69(a) of the Federal Rules of Civil Procedure because the judgments were issued by a California court utilizing California law.  Jonesfilm contends that Rule 69 allows for enforcement of another state's judgment in accordance with the laws of the state in which the judgment is registered.  Accordingly, because Jonesfilm's judgments are registered in Louisiana then this court may apply Louisiana law in aid of enforcement and execution of that judgment.  For the following reasons, this Court agrees with Jonesfilm.

Federal Rule of Civil Procedure 69(a) "[p]ermits a judgment creditor to use any method of execution consistent with the practice and procedure of the state in which the district courts sits. *City of New Orleans v. Mun. Admin. Servs., Inc.*, No. Civ. A. 02-0130, 2004 WL 2496202, at *3 (E.D. La. Nov. 5, 2004) (citing *Peacock v. Thomas*, 516 U.S. 349, 359 n.7 (1996)).  Essentially, the language of Rule 69(a) reflects that in two-state cases "[m]atters of attachment, execution and the like are to be determined by the law of the forum and not the law of the place where judgment was rendered or a debt contracted."  *U.S. v. Miller*, 229 F.2d 839, 841 (3d Cir. 1956).

In the instant matter Jonesfilm registered the California federal court judgments in this Court and also in Louisiana state court.  Jonesfilm seeks to annul transfers via Louisiana's revocatory and oblique laws to satisfy these judgments.  These actions are typical of judgment

7

creditors in Louisiana to satisfy the debt owed.[1] Accordingly, the Court finds that these actions are proper under Rule 69(a) and Moving Defendants motion is denied as to this point.

II.     *Prescription*

Moving Defendants argue that the property payments, property transfers, and the Peter acknowledgment are all barred by the prescriptive periods found in Louisiana Civil Code articles 2041 and 3492. Moving Defendants maintain that a one year prescriptive period applies and that Jonesfilm cannot avail itself of the doctrine of *contra non valentum*.

The Court has already ruled that Jonesfilm's claims have not prescribed. *See Jonesfilm v. Hoffman*, No. 11-1994, 2012 WL 4325491, at *9–10 (E.D. La. Sept. 20, 2012). For these reasons Moving Defendants motion is denied.

III.    *Standing of Jonesfilm*

Moving Defendants argue that Jonesfilm has no standing to claim that the property payments, property transfers, the RAP sale, and the Peter Acknowledgment are simulated contracts for an illicit or immoral purpose. Moving Defendants aver that because Jonesfilm is not a party to any of these agreements then it has no standing under Louisiana law to challenge these transactions except by revocatory or oblique actions. Jonesfilm maintains that it has standing.

---

[1] *See, e.g., Joyner v. S.F.L. & S.I.L., LLC*, 485 B.R. 538, 554–55 (W.D. La. 2013); *Thomassie v. Savoie*, 581 So. 2d 1031, 1052 (La. App. 1 Cir. 1991); *Perigoni v. McNieve*, 407 So. 2d 407, 409–10 (La. App. 4 Cir. 1975); *Nicholson v. Mgmt. Consultants, Inc. v. Bergman*, 681 So. 2d 471 (La. App. 4 Cir. 1996); *Colbert v. Brennan*, No. 12-137, 2012 WL 5955715, at *1 (E.D. La. Nov. 28, 2012).

Jonesfilm asserts that this notion is confirmed by longstanding Louisiana case law that has repeatedly confirmed a judgment creditor's standing to bring a claim for simulation.

A simulation occurs and "[i]s absolute when the parties intend that their contract shall produce no effects between them." La. Civ. Code Art. 2026. An absolute simulation can, therefore, have no effects between the parties. *Id*. In the end, a judgment creditor has standing to bring a simulation claim under Louisiana law. *See, e.g., Joyner*, 485 B.R. at 555; *Fritscher v. Justice*, 472 So. 2d 105, 107 (5th Cir. 1985); *Mills v. Int'l Mgmt. Consultants, Inc.*, 425 So. 2d 825, 826–27 (La. App. 5 Cir. 1982). As such, Moving Defendants motion is denied as to this point.

IV.    *Conclusion*

In the end, the Court makes the following determinations: (1) Jonesfilm's causes of action are not barred by Rule 69(a); (2) Jonesfilm's claims are not barred by prescription; and (3) Jonesfilm has standing to pursue its claims. Because these claims have been resolved in favor of the non-mover, Jonesfilm, the Motion for Summary Judgment is denied as to these arguments.

The following issues are dependent upon factual determinations that may not be decided on a Motion for Summary Judgment: (1) whether the property transfers, payments, and the Peter Acknowledgment are *dations en paiement* (Doc. 182-2 at 8); (2) whether the Leeway sale to RAP was a simulated contract (*id.* at 14); (3) whether the RAP sale caused the insolvency of Leeway (*id.* at 15); (4) whether the RAP sale was a gratuitous contract (Id.); (5) whether the services performed by Peter, SAE, or SAP with respect to the Royal Street Property (*id.* at 17); (6) the expenses paid by

9

SAP, SAFE, and Peter to Leeway and their relationship to the insolvency of SAP, SAFE, and Peter (*id.* at 19); (7) Jonesfilm's entitlement to seize and sell the French Quarter property upon judgment (*id.* at 20); (8) the alter ego status of Leeway or RAP (*id.*).  As such, the Motion for Summary Judgment is denied as to these arguments.

**CONCLUSION**

For the foregoing reasons, the Motion for Summary Judgment is DENIED.

New Orleans, Louisiana this 25th day of June, 2013.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**